## BACHELDER *v.* NUTTING.

Parol evidence of the contents of a deed is admissible, when the existence and loss of the instrument are shown; and the loss may be shown by the affidavit of a party in interest.

WRIT OF ENTRY. Plea the general issue.

The demandant introduced a mortgage deed from one Oliver Nutting, dated on the 19th day of December 1836, conveying the demanded premises to the plaintiff, to secure the payment of a note for $1000.

The tenant introduced a deed from said Oliver, dated on the 20th day of March 1829, conveying to him one undivided half of the demanded premises.

The demandant then proposed to prove that after the execution of the deed from said Oliver to the tenant, and prior to the execution of the mortgage to the demandant, the tenant executed a quitclaim deed of the premises, and delivered the same to the said Oliver, that the deed was never recorded, and is lost.

For the purpose of proving the existence and subsequent loss of the deed, the demandant called one Stevens as a witness, who testified that he wrote the deed above mentioned from said Oliver to the tenant, and took the acknowledgment of it as a magistrate, and that a year or two afterward he wrote a deed from the tenant to Oliver, which was executed, acknowledged, and delivered, about the time it was written. For the purpose of showing the loss of the deed, the affidavit of Oliver was read to the court, in which he stated that the deed from the tenant to

him, soon after he received it, was deposited by him in a trunk in which he kept his papers, and that he never saw it afterward; that about a month after he had placed it there, he went to the trunk for the purpose of taking it out and sending it to the office of the Register of Deeds to be recorded, but could not find it, and never knew what became of it.

The administrator of Oliver also testified that he had made search among the papers of the estate, but could find no deed from the tenant.

It was contended on the part of the tenant that it was not competent for the demandant, on this evidence, to prove the contents of the deed by parol testimony, but the court permitted it to be done.

The only evidence offered to prove the contents of the deed, was the testimony of Stevens and of one Taft, both of whom testified that they were selected by the tenant and said Oliver as referees to decide certain matters in controversey between them; that one of the matters submitted to them was, how much Oliver should pay to the tenant for a quitclaim deed of the demanded premises; that they took the subject into consideration and made an award.

Stevens further testified that shortly after the award was made, Oliver and the tenant were together at his house, and there a quitclaim deed of the demanded premises was made out by Stevens from the tenant to Oliver; that the deed was signed by the tenant, witnessed by two persons, and acknowledged and delivered to Oliver, and that Stevens was one of the witnesses.

Upon this evidence, a verdict for the demandant was taken for the whole of the demanded premises, subject to the opinion of the Superior Court.

*Farley,* for the plaintiff.

*Preston,* and *G. Y. Sawyer,* for the defendant.

Bachelder *v.* Nutting.

GILCHRIST, J. There are many cases in which the existence, execution, and contents, of a deed may be proved without producing the instrument itself. But in all these cases foundation must be laid for the introduction of the testimony necessary for establishing those facts, by other evidence showing that the production of the instrument is practically impossible.

As in Leyfield's case, 10 Co. 92, in which Lord Coke says that "in great and notorious extremities, as by casualty of fire that all his evidences were burnt in his house, there, if that should appear to the judge, they may in favor of him who has so great a loss by fire, suffer him upon the general issue to prove the deed in evidence to the jury by witnesses, that affliction be not added to affliction; and if the jury find it, though it be not showed forth in evidence, it shall be good enough." In *Read* v. *Brookman*, 3 T. R. 151, *Ashurst*, J., says, that "if the deed be destroyed by any other accident, it falls within the same reason, and that brings it to a matter of fact before the jury whether there be or be not sufficient evidence that the deed did exist."

These cases were cited in *New-Boston* v. *Dunbarton*, 15 N. H. 205, in which it was held that in accordance with the general principle admitting the use of secondary evidence in such cases, the existence of a charter might be inferred from the fact that the town has long exercised municipal functions and privileges.

In *Downing* v. *Pickering*, 15 N. H. 344, a like presumption was permitted to prevail in favor of the existence and execution of a deed, from long possession, from partition, and from other acts and intentions of parties, which were proved.

In *Colby* v. *Kenniston*, 4 N. H. 262, the principle was considered as perfectly established, and evidence of the execution and contents of the deed was held to have been properly admitted, upon proof that no such deed was

found upon examination to have been recorded, and that the grantee had absconded and that his residence was unknown.

These cases suffice as examples of the application of a rule that is not often drawn in question, and is founded upon the unavoidable casualties which, but for the existence of the rule, would draw after them the accumulated affliction adverted to by Lord Coke.

That sufficient foundation for the introduction of this secondary evidence was laid in the case, is we think sufficiently apparent. In these cases, according to Professor Greenleaf, Greenl. Ev., sec. 558, "if the instrument is lost, the party is required to give some evidence that such a paper once existed, though slight evidence is sufficient for the purpose, and that a *bonâ fide* and diligent search has been unsuccessfully made for it, in the place where it was most likely to be found, if the nature of the case admits such proof; after which his own affidavit is admissible to the fact of its loss." To the same point see Greenl. Ev., sec. 349, *McNiel* v. *McClintock,* 5 N. H. 355.

Here the existence and contents of the deed were proved by the witness who wrote and took the acknowledgment of it, and who also signed it as a subscribing witness. The party whose affidavit was admitted to prove the loss of the paper from his own custody, was in effect a party to the suit and a party in interest, although his name did not appear upon the record. He was the mortgager for whose benefit the action was in fact maintained by the mortgagee. He falls clearly within the reason of the rule which from the necessity of the case admits the affidavit of an interested witness to prove the loss of an instrument from his own custody.

*Judgment on the verdict.*